IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | | |
|---|---|---|
| ESTATE OF DORLA EVANS BOYLES and PATRICK BOYLES, | ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | 1:20-CV-276 |
| GREE USA, INC., MJC AMERICA, LTD, GREE ELECTRIC APPLIANCES, INC. OF ZHUHAI, and HONG KONG GREE ELECTRIC APPLIANCE SALES, LTD, | ) ) ) ) ) ) ) | |
| Defendants. | ) | |

# MEMORANDUM OPINION AND ORDER

Catherine C. Eagles, District Judge.

For months the plaintiffs have sought to take a Rule 30(b)(6) deposition of each defendant. The Gree Defendants—Gree USA, Inc., Gree Electric Appliances, Inc. of Zhuhai, and Hong Kong Gree Electric Appliance Sales, Ltd.—have yet to produce a witness, despite multiple extensions and a court order requiring each to produce a witness to be deposed no later than May 31, 2021. One of the defendants, MJC America, did produce a witness, but that witness asserted a personal Fifth Amendment privilege.

The defendants have chosen not to produce knowledgeable Rule 30(b)(6) witnesses in a case where the testimony of such witnesses would be obviously relevant. Their excuses range from inconvenience to more serious difficulties, but these facts remain: Each defendant is lawfully before the court, the inconveniences and difficulties are the result of each defendant's own choices about how to run and manage their

businesses and this litigation, and each defendant has failed to comply with a lawful court order. Sanctions are appropriate.

The plaintiffs have also moved for sanctions because the person who verified MJC's interrogatory answers is not an MJC employee. Because the evidence tends to indicate the interrogatories were signed by MJC's agent, as allowed by the Federal Rules of Civil Procedure, this aspect of the motion will be denied.

### I. Facts.

In May 2017, a fire damaged the home of Patrick Boyles and Dorla Boyles. Doc. 1 at ¶ 25; Doc. 83-5 at ¶¶ 5–6. The alleged culprit was a faulty dehumidifier designed, manufactured, and distributed by the California- and China-based defendants. Doc. 1 at ¶¶ 3–6, 24; *see* Doc. 20 at ¶ 4; Doc. 21 at ¶¶ 3, 5–7, 12; Doc. 78-4 at ¶ 5. Mr. Boyles and the Estate of Mrs. Boyles filed suit in March 2020 seeking damages.[1]

Each of the defendants filed answers, *see* Docs. 20–23, and all are represented by the same attorneys, referred to here as "joint defense counsel." *See generally* Doc. 18. The Court, per Magistrate Judge Webster, entered a scheduling order, which, among other things, ordered the parties to complete discovery by January 31, 2021. Doc. 29 at ¶ 2; *see* Doc. 30.

The plaintiffs served a first set of interrogatories on all of the defendants, to which the defendants responded on October 19, 2020. Doc. 43-3. The responses included

---

[1] Dorla Boyles died in January 2019 and her Estate brings this action in her place. *See* Doc. 1 at ¶ 2; Doc. 83-5 at ¶ 2.

objections and were signed by joint counsel, but no one verified the interrogatory answers on behalf of any defendant. *See id*. at 6.

On November 23, 2020, the plaintiffs noticed the Rule 30(b)(6) deposition of defendant Gree Electric Appliances, Inc. of Zhuhai for January 12, 2021. Doc. 43-1 at 1, 5. The notice stated that in the alternative, "Gree China may produce a witness or witnesses remotely via Zoom."[2] *Id*. at 1.

Three weeks later, joint defense counsel advised plaintiffs' counsel by letter that:

> Gree objects to Plaintiffs' Notice of Deposition dated November 23, 2020. Gree does not have any witness available on January 12, 2021. Gree's witnesses are based in mainland China and are currently prohibited from traveling to the U.S. due to the COVID-19 pandemic. In addition, China does not permit attorneys to take depositions in China for use in foreign courts. . . . Given the unprecedented travel restrictions currently in place due to the COVID-19 pandemic, Gree is unable to appear for the deposition as noticed by Plaintiffs.

Doc. 43-2 at 2.[3]

The parties agreed court assistance was needed, *see* Doc. 43 at 1, and Judge Webster held a telephone conference with counsel to discuss the depositions and the unverified interrogatories. Minute Entry 12/30/2020. Recognizing the difficulties resulting from the pandemic, Judge Webster extended the discovery deadline through April 30, 2021, to allow more time to schedule the Rule 30(b)(6) deposition and ordered

---

[2] The plaintiffs refer to Gree Electric by the shorthand "Gree China" throughout the complaint. *See, e.g.*, Doc. 1 at ¶ 5.

[3] *See also Judicial Assistance Country Information: China*, U.S. DEP'T OF STATE, https://travel.state.gov/content/travel/en/legal/Judicial-Assistance-Country-Information/China.html (last visited July 29, 2021) ("China does **not** permit attorneys to take depositions in China for use in foreign courts.") (emphasis in original).

the defendants to verify "any outstanding interrogatory responses to Plaintiffs within 45 days." Text Order 12/30/2020. A few weeks later, the Clerk set the case for trial during the October 2021 civil term. Doc. 53.

On January 12, 2021, the defendants supplemented their responses to the plaintiffs' first set of interrogatories with a verification signed by Jun Ouyang. *See* Doc. 78-17 at 8. Shortly thereafter, the Gree defendants informed the Court that they intended to follow a procedure by which the Chinese government would allow a Gree representative to travel to Hong Kong and sit for a remote deposition. Doc. 56. On March 29, 2021, the plaintiffs sent Rule 30(b)(6) deposition notices to all four defendants setting the depositions for April 15, 2021. Doc. 78-1 at 5–10 (Gree Electric Appliances, Inc. of Zhuhai), 11–16; (Gree USA, Inc.), 17–22 (Hong Kong Gree Electric), 23–28 (MJC America).

A week before the scheduled depositions, all defendants moved for a protective order extending the time for Rule 30(b)(6) witnesses to be deposed, again pointing to travel difficulties raised by the pandemic. *See* Doc. 66. With their protective order motion, the defendants included an affidavit from Li Mingjing, a deputy legal director for Gree Electric Appliances, Inc. of Zhuhai. Doc. 68. Among other things, Li Mingjing testified that there are no management-level employees for any of the Gree defendants outside of mainland China and reiterated that Chinese law prohibits depositions of Chinese nationals on Chinese soil for use in foreign cases. *Id*. at ¶ 3. The witness affirmed that any Gree deponent traveling to a location outside of Chinese mainland, such as Hong Kong, to participate in a deposition would be subject to upwards of 14 days in

4

compulsory quarantine upon arrival and another mandatory 14-day quarantine upon return. *Id*. at ¶ 5. Li Mingjing further testified that "if the depositions cannot go forward 45-days before trial, the Gree Defendants are willing to waive any trial testimony on behalf of Gree." *Id*. at ¶ 7.

The Court, per Magistrate Judge Webster, ultimately granted the defendants' motion in part, extending the time for a Rule 30(b)(6) witness to appear for their depositions until May 18, 2021. *See* Text Order 4/13/2021; Text Order 4/20/2021. But Judge Webster refused to extend the time until 45 days before trial as the defendants had asked, noting that this delay would be "inappropriate and may create greater complications in the near future, to include unintended trial delays." Text Order 4/20/21. The Court ordered the Gree Defendants to appear for a deposition on or before May 18, in either Hong Kong or Singapore, and warned the defendants that if they "fail to comply with this Order, the Court will consider appropriate sanctions under Federal Rule of Civil Procedure 37." *Id*. In view of the discovery deadline and trial date, Judge Webster modified the summary judgment briefing schedule so trial would not be delayed. *Id*.

On April 29, 2021, the plaintiffs deposed Simon Chu, the Rule 30(b)(6) witness identified by defendant MJC. Doc. 78-1 at p. 2 ¶ 7; Doc. 78-2. Mr. Chu testified that he is the only person employed by MJC, Doc. 78-2 at 1–2, and that he is currently under indictment in the Central District of California. *See* Doc. 78-15. Mr. Chu answered very few substantive questions during the deposition and at times invoked his Fifth Amendment privilege not to answer. *See, e.g.*, Doc. 78-2 at 5; Doc. 79 at 4–9 (recounting topics and questions that Mr. Chu refused to answer with citations to the record).

5

Mr. Chu testified that he did not review any of MJC's discovery responses before they were produced. Doc. 78-2 at 1–2. He recognized the name of the man who verified MJC's supplemental answers to the first set of interrogatories, Mr. Ouyang, as someone who worked with Gree China. *Id*. at 2. When asked if Mr. Ouyang was "authorized to speak on behalf of MJC America," he answered, "I don't think so." *Id*. But he also testified that "Gree" had agreed to "take care of all [MJC's] cases," and that he forwarded all papers related to the case to Gree pursuant to a settlement agreement with Gree. *Id*. at 1, 4; *see* Doc. 90-3 at ¶ 17. Finally, Mr. Chu testified that the individuals who verified MJC's responses to later sets of interrogatories were not MJC employees. Doc. 78-2 at 3–4; *see* Doc. 78-18 (defendants' joint-responses to second set of interrogatories; verification for all defendants at p. 10); Doc. 78-19 (defendants' joint-responses to third and fourth set of interrogatories; verification for all defendants at p. 10).

On May 12, 2021, all defendants moved for a second protective order to delay the depositions until June 25, 2021. Doc. 73. The defendants submitted another affidavit from Li Mingjing, substantially repeating the same testimony about the difficulties of traveling to either Hong Kong or Singapore. *See generally* Doc. 73-3. Among other things, Li Mingjing again testified that travel to Hong Kong would subject a deponent to a total of 28-days mandatory quarantine, "which would prevent the deponent from attending work and other commitments." *Id*. at ¶ 11; *see* Doc. 73-4 (English translation of Hong Kong quarantine directive). As for traveling to Singapore, Li Mingjing testified that a deponent would have to "be away from work either traveling or in quarantine for a total of 17 days." Doc. 73-3 at ¶ 8.

6

Judge Webster held a hearing on May 17, 2021, and "concluded that Defendants' arguments for delaying the deposition involve issues of convenience and not impossibility." Text Order 5/17/2021. The Court ordered the three Gree defendants to appear for Rule 30(b)(6) depositions on or before May 31, 2021. *Id*. The Court stated that it "does not intend to entertain any further motions delaying this deposition and reminds Defendants that should they fail to comply with this Order, the Court will consider appropriate sanctions pursuant to Federal Rule of Civil Procedure 37." *Id*.

As of May 21, 2021, the Gree defendants had not indicated when or where they would produce a witness, prompting counsel for the plaintiffs to inquire. Doc. 78-1 at 29. To date, the three Gree defendants have not provided a witness for the Rule 30(b)(6) deposition. Doc. 78-1 at p. 3 ¶ 12.

On June 1, 2021, the plaintiffs filed a motion for sanctions against all defendants pursuant to Federal Rule of Civil Procedure 37. Doc. 78. The defendants filed a response asking the Court to deny the motion. Doc. 90. With it, the defendants included a settlement agreement between Gree and MJC. Doc. 90-3, along with a third affidavit from Li Mingjing nearly identical in substance to the previous affidavit. *Compare* Doc. 90-1 *with* Doc. 73-3. Li Mingjing again testified that COVID-19 travel restrictions would subject a deponent traveling to a location outside of Chinese mainland, such as Hong Kong or Singapore, to potentially 21 days or more of mandatory quarantine, Doc. 90-1 at ¶¶ 6–7, 11, which, again, "would prevent the deponent from attending work and other commitments," *id*. at ¶ 7, and would not be "practical." *Id*. at ¶ 12.

7

## II. Verification of Interrogatory Responses.

Rule 33 provides that a party may serve any other party with an interrogatory that "relate[s] to any matter that may be inquired into under Rule 26(b)." Fed. R. Civ. P. 33(a)(2). If the responding party is a corporation, the interrogatory must be answered "by any officer or agent," and that officer or agent "must sign" the furnished answers. *See* Fed. R. Civ. P. 33(b)(1) & (5). The responding party must then serve its answers or objections to an interrogatory "within 30 days after being served," unless otherwise stipulated under Rule 29 or ordered by the court. Fed. R. Civ. P. 33(b)(2).

Here, Judge Webster ordered all defendants to verify their interrogatory responses. The plaintiffs have identified four sets of interrogatory responses that they contend have not been reviewed or verified by any MJC employee. *See* Doc. 79 at 10. The plaintiffs say that these responses were all reviewed and verified by various Gree employees and, consequently, that MJC has violated Judge Webster's mandate that all defendants must verify their interrogatory responses. *Id*. at 19–20.

Rule 33(b) provides only that a company must verify its interrogatories via an "officer or agent." *See* Fed. R. Civ. P. 33(b)(1)(B). The plaintiffs concede that companies have broad discretion in selecting an agent to verify its interrogatories and that this person does not need to be an employee. Doc. 79 at 19 (citing *Chatman v. Nat'l R.R. Passenger Corp.*, 246 F.R.D. 695, 700 (M.D. Fla. 2007) ("The rule simply requires a corporate party to designate an agent to answer and sign the interrogatory responses.")). Nothing in the record indicates that the Gree employees who signed on behalf of MJC were not MJC's agents, and the settlement agreement tends to indicate they were MJC's

8

agents. *See* Doc. 90-3 at ¶ 17. MJC has not attempted to disclaim the interrogatory responses and they will be treated as admissions going forward.

No sanction is warranted as to MJC's interrogatory responses.

### III. Rule 30(b)(6) Depositions.

Rule 30 authorizes a party to "depose any person, including a party . . . by oral questions," Fed. R. Civ. P. 30(a)(1), and requires the deposing party to "give reasonable written notice to every other party." Fed. R. Civ. P. 30(b)(1). Corporations like the defendants here can be deposed. Fed. R. Civ. P. 30(b)(6).

As to the procedure for deposing a corporation, Rule 30(b)(6) imposes burdens on both litigants. The party seeking discovery through a Rule 30(b)(6) deposition is required to describe "with reasonable particularity the matters for examination." *Id*. Once served with the deposition notice under Rule 30(b)(6), the responding party is required to produce one or more witnesses knowledgeable about the subject matter of the noticed topics. *See, e.g., Great Am. Ins. Co. of N.Y. v. Vegas Constr. Co.*, 251 F.R.D. 534, 538 (D. Nev. 2008); *Marker v. Union Fidelity Life Ins.*, 125 F.R.D. 121, 126 (M.D.N.C. 1989). The corporation "must not only produce such number of persons as will satisfy the request, but more importantly, prepare them so that they may give complete, knowledgeable and binding answers on behalf of the corporation." *Id*.

#### A. The MJC Deposition.

The plaintiffs noticed MJC's Rule 30(b)(6) deposition and identified the subject matter that would be explored during the deposition with reasonable particularity. *See* Doc. 78-20. MJC had a duty to then produce a witness knowledgeable about that subject

9

matter. *Great Am. Ins. Co.*, 251 F.R.D. at 538. MJC chose Mr. Chu as its witness, but during his April 29 deposition, he exercised his personal Fifth Amendment privilege against self-incrimination for nearly every substantive question asked by the plaintiffs, *see* Doc. 78-2, which MJC does not deny. Doc. 90 at 11–12. MJC has frustrated the plaintiffs' discovery efforts and violated a court order by failing to designate and produce a witness able to knowledgeably testify about the subject matter at issue.

"[I]t is well established that [corporations] are not protected by the Fifth Amendment." *Braswell v. United States*, 487 U.S. 99, 102, (1988). By designating Mr. Chu as a witness, MJC effectively used Mr. Chu's individual right against self-incrimination as its own, non-existent, corporate Fifth Amendment right. The Supreme Court has explained in an analogous situation that it would be "incongruous" to permit a corporation to select an individual to verify the corporation's interrogatory answers who, "because he fears self-incrimination may thus secure for the corporation the benefits of a privilege it does not have." *United States v. Kordel,* 397 U.S. 1, 8 (1970) (citation omitted). Current employees are not the only appropriate Rule 30(b)(6) witnesses, *see United States v. Taylor*, 166 F.R.D. 356, 361-362 (M.D.N.C.), *aff'd,* 166 F.R.D. 367 (M.D.N.C. 1996), and MJC has not explained why it could not prepare and produce another witness who could disclose corporate information and positions. *See In re Anthracite Coal Antitrust Litig.,* 82 F.R.D. 364, 369–70 (M.D. Pa. 1979); *Marker,* 125 F.R.D. at 126 (noting corporation's duty to prepare witness to give complete answers).

MJC has failed to comply with the Court's order mandating that it appear for a Rule 30(b)(6) deposition.

### B. The Gree Depositions.

The record shows that the Gree defendants have also failed to provide the plaintiffs with an opportunity to depose a Rule 30(b)(6) witness in contravention of multiple court orders specifically requiring the defendants to do so. Judge Webster originally ordered discovery to be completed by January 31, 2021. *See* Doc. 29 at ¶ 2; Doc. 30. In recognition of the difficulties of the pandemic, Judge Webster extended the deadline for the defendants to provide Rule 30(b)(6) witnesses, first to April 30, 2021, *see* Text Order 12/30/2020, then to May 18, 2021, *see* Text Order 4/20/2021, and finally to May 31, 2021. *See* Text Order 5/17/2021. Judge Webster explicitly stated that sanctions would be considered if the defendants failed to comply with these orders. To date, the three Gree defendants have not produced a witness for Rule 30(b)(6) deposition, Doc. 78-1 p. 3 ¶ 12, which they do not dispute. Doc. 90 at 2.

Many courts have considered problems arising when a litigant wants to take a Rule 30(b)(6) deposition of a person or business entity outside the United States, and quite a few of those motions arise because of the apparent prohibition in China on taking depositions for use in foreign courts.[4] Litigants and courts are flexible in this situation, allowing the deposition to proceed in a nearby country, either in person or by videoconference technology so as to minimize cost and inconvenience. But it is not an option for a corporate defendant in a foreign country to refuse to take the steps necessary

---

[4] *See, e.g.*, *Shi Min Chen v. Hunan Manor Enter.*, 17 Civ. 802 (GBD) (GWG), 2020 WL 4932777, at *3–4 (S.D.N.Y. Aug. 24, 2020); *Tower Mfg. Corp v. Shanghai Ele Mfg. Corp.*, 244 F.R.D. 125, 128 (D.R.I. 2007).

11

to produce a Rule 30(b)(6) witness merely because it will be expensive, inconvenient, or difficult. *See Stars' Desert Inn Hotel & Country Club, Inc. v. Hwang*, 105 F.3d 521, 524 (9th Cir. 1997) (affirming order sanctioning foreign defendant for failure to obey a court order to submit to deposition); *RePet, Inc. v. Zhao*, No. ED CV 15-2315-VAP (SPx), 2018 WL 9802098, at *6 (C.D. Ca. Jan. 16, 2018) (warning that sanctions may be imposed if the witness failed to "take every step he lawfully and reasonably [could] to try and appear" for his deposition despite Chinese law preventing him from leaving the country or taking the deposition on the mainland). This is especially so when the court has been patient with the foreign corporation and extended the applicable deadline several times; here, the extensions totaled four months.

The Court concludes that the Gree defendants have failed to comply with the Court's order mandating that they appear for Rule 30(b)(6) depositions.

### C. An Appropriate Sanction.

#### 1. The Defendants Shall Pay the Plaintiffs' Expenses.

When a litigant violates a court order related to discovery, the court "must require the party failing to act, the attorney advising that party, or both to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the failure was substantially justified or other circumstances make an award of expenses unjust." Fed. R. Civ. P. 37(d)(3); *Wallace v. Greystar Real Est. Partners, LLC*, No. 1:18-CV-501, 2020 WL 1975405, at *5 (M.D.N.C. Apr. 24, 2020).

Because all four defendants have violated discovery orders, the failure was not substantially justified, and no circumstances make an award unjust, the Court will require

12

the defendants to pay all of the plaintiffs' reasonable expenses, including attorneys' fees, arising from discovery efforts related to the Rule 30(b)(6) depositions, as well as from the litigation related to this motion. *See* Docs. 78, 80. No later than August 5, 2021, the plaintiffs shall provide information to the defendants about the amount of expenses. The parties, through counsel, should work cooperatively to address any disputes about the amount. The defendants shall pay the plaintiffs' reasonable expenses on or before August 30, 2021; if the parties cannot reach agreement, the defendants must pay the amount they acknowledge is reasonable and move for a stay of the payment deadline, setting out therein any matters of dispute.

### 2. Other Sanctions.

Other sanctions may also be appropriate, including: (i) directing that matters embraced in the order or other designated facts be taken as true for purposes of the action; (ii) prohibiting the disobedient party from supporting or opposing certain claims or defenses, or from introducing other matters into evidence; (iii) striking pleadings in whole or in part; (iv) staying proceedings until the order is obeyed; (v) dismissing the action in whole or in part; or (vi) rendering a default judgment against the disobedient party. *See* Fed. R. Civ. P. 37(d)(3) (referring to Rule 37(b)(2)(A)(i)–(vi)).[5]

The Fourth Circuit has developed a four-part test for district courts to use when determining appropriate Rule 37 sanctions. *Belk v. Charlotte-Mecklenburg Bd. of Educ.*,

---

[5] Rule 37(b)(2)(A)(vii) contemplates a seventh possible sanction, "treating as contempt of court the failure to obey any order," but Rule 37(d)(3) makes clear that only sanctions (i) through (vi) are available for a failure to attend a deposition.

13

269 F.3d 305, 348 (4th Cir. 2001) (en banc). Courts should consider: "(1) whether the non-complying party acted in bad faith, (2) the amount of prejudice that noncompliance caused the adversary, (3) the need for deterrence of the particular sort of non-compliance, and (4) whether less drastic sanctions would be effective." *Id.* (cleaned up).

First, the Court must consider whether the defendants acted in bad faith. The record shows that all four defendants understood their duty to produce witnesses and "deliberately disregarded" that duty. *Grubb v. Norfolk S. R.R. Co.*, 1:17-CV-62, 2018 WL 704730, at *10 (M.D.N.C. Feb. 2, 2018) (cleaned up). The Court issued multiple orders requiring the defendants to provide a witness for a Rule 30(b)(6) deposition and warned that failure to do so would result in sanctions. As stated, no defendant to date has provided the plaintiffs with a meaningful opportunity to depose a corporate witness.

The Gree defendants contend that their failure to appear for a deposition on or before May 31, 2021, was not in bad faith or due to an unwillingness to appear, but rather because of travel restrictions in mainland China related to the COVID-19 pandemic. Doc. 90 at 2, 7–8; *see also* Doc. 90-1 at ¶ 5. The Court has been mindful of the inconvenience posed by travel restrictions throughout this litigation, *see* Text Order 12/30/2021, but as Judge Webster already determined, these restrictions are just that— inconveniences, not impossibilities. Text Order 5/17/2021. As the Gree defendants acknowledged, a Rule 30(b)(6) witness could have travelled to Hong Kong or Singapore for the requested depositions. It is incumbent upon the defendants, not the plaintiffs or the Court, to solve the problems arising from their decision to operate their business in China or to demonstrate impossibility, and the Gree defendants have done neither here.

14

Similarly, it was incumbent on MJC to produce a witness capable of meaningfully answering the plaintiffs' deposition questions. The fact that the plaintiffs' questions were "directly intertwined with the circumstances" of Mr. Chu's indictment, Doc. 90 at 2, does not relieve MJC of its duty to prepare and produce a Rule 30(b)(6) witness who can answer questions by the deadlines ordered by the Court. *See Kordel,* 397 U.S. at 8.

The failures by MJC and the Gree defendants to comply with the Court's orders were willful. Despite being given many chances, they each failed to produce an appropriate witness.

MJC acted in bad faith by producing a witness who it had to know would not answer relevant questions and then by failing to provide a knowledgeable witness when its chosen witness could not answer relevant questions. *See Marker,* 125 F.R.D. at 126 (noting corporation's duty to provide a substitute witness).

Whether the Gree defendants acted in bad faith is a closer question, as the difficulties posed by the pandemic are real. But the fact remains that Gree cannot avoid the consequences associated with its own decisions about how it manages its business affairs, including where it chooses to maintain its operations and have its employees work. Corporations who sell products in the United States cannot avoid discovery by operating in a country that does not allow such discovery to take place, and they cannot refuse to produce a witness based on inconvenience. The Gree defendants were given multiple opportunities to present a witness, they could have produced a witness in Hong Kong or Singapore, and instead of seeking a workable solution, they basically threw up their hands. That is equivalent to bad faith.

15

Second, the Court must consider the prejudice that the defendants' non-compliance has caused the plaintiffs. The defendants' conduct has deprived the plaintiffs of the discovery needed to advance their case since at least November 2020. The plaintiffs have been unable to question a knowledgeable witness about the defendants' representations about the safety of its products to compliance organizations, the basis of their defenses, defense positions as to the plaintiffs' damages, and any related history of other product failures. *See* Doc. 79 at 12–13. The defendants have prejudiced the plaintiffs' ability "to resolve their claims in a just, speedy, and inexpensive manner," *Sines v. Kessler*, No. 3:17-cv-00072, 2021 WL 2309968, at \*7 (W.D. Va. June 7, 2021) (cleaned up), and their unexcused failure to appear at multiple properly noticed Rule 30(b)(6) depositions leaves an evidentiary gap that justifies appropriate sanctions.

Third, the defendants' repeated failure to respect the Court's authority shows a sanction is needed to deter these defendants and other litigants from future violations. The defendants are multi-national corporations and sophisticated litigants. *See, e.g.*, *Hoffman v. MJC America, LTD. et al*, 4:18-cv-04169 (D.S.D); *George v. Gree USA, Inc. et al*, 2:18-cv-1212 (S.D. Ohio); *State Farm Fire & Cas. Co. v. Gree USA, Inc. et al*, Civ. 18-4140 (E.D. Pa.). They are represented by experienced North Carolina counsel and there is nothing to indicate they were not aware of their responsibilities in federal court. Their conduct reveals a failure to treat this matter with the seriousness it deserves and a failure to respect the orders entered by Judge Webster.

Finally, the Court has considered a range of sanctions in determining the least drastic measure that would be effective. On the less drastic side, the Gree defendants and

16

MJC contend that additional written questions to the corporate defendants are an adequate alternative. Doc. 90 at 9. They also have stated that they are willing to waive the opportunity to testify on the issue of liability at trial if they are unable to appear for a deposition before the currently scheduled trial date. *Id*.; *see* Doc. 68 at ¶ 7. On the more drastic side, the plaintiffs ask the Court to enter a default judgment against the defendants, "or at a minimum," strike their answers to the complaint, contending that any lesser sanction would be ineffective. Doc. 79 at 13–14.

Interrogatories are often a poor substitute for depositions; they do not allow for follow-up on ambiguous or general answers, for example. "Nothing in the Federal Rules of Civil Procedure gives a party the right to not respond or inadequately respond to a Rule 30(b)(6) deposition notice or subpoena request and elect to supply the answers in a written response to an interrogatory." *Marker*, 125 F.R.D. at 126. Requiring the Gree defendants to respond to additional written questions would be no sanction at all.

The minimum sanction is obvious: None of the defendants will be allowed to call any corporate fact witness at trial. Each defendant has failed to make itself available for deposition and allowing them to call any employee or former employee as a fact witness would be unfair to the plaintiffs.

But that is not enough. A defendant's Rule 30(b)(6) witness often provides testimony beyond what is helpful to the defendant; often the testimony helps the plaintiff. It is particularly likely that the Rule 30(b)(6) witnesses here would have done so. The plaintiffs have been prevented from developing that kind of evidence to support their claims, and the sanction should take that prejudice into account.

17

There are pending motions for summary judgment, and the Court concludes that it is appropriate to wait until it reviews that briefing in more detail before determining additional appropriate sanctions. This may assist the Court in appropriately tailoring the sanction to the harm.

IV.  Conclusion.

Over the course of several months, all four defendants have deliberately disregarded multiple court orders requiring them to make a witness available for a Rule 30(b)(6) deposition. Sanctions are warranted. At a minimum, the Court will require the defendants to pay the plaintiffs' reasonable expenses, including attorneys' fees, arising from discovery efforts related to the Rule 30(b)(6) depositions that are the subject of this motion, as well as from the litigation related to this motion and other motions related to these depositions. The Court will also prohibit the defendants from calling any employee or former employee to testify at trial. The Court expects to impose additional appropriate sanctions and retains the matter under advisement pending review of the summary judgment briefing.

The motion for sanctions against MJC will be denied to the extent it is based on failure to verify interrogatory answers. The evidence indicates that the persons verifying those answers were MJC's agents.

It is **ORDERED** that:

1. The plaintiffs' motion for sanctions, Doc. 78, as supplemented by Doc. 80, is **GRANTED** as to the Rule 30(b)(6) depositions and **DENIED** as to the interrogatory answers;

18

2. On or before August 30, 2021, the defendants **SHALL** pay the reasonable expenses, including attorneys' fees, arising from discovery efforts related to the Rule 30(b)(6) depositions that are the subject of this motion, as well as litigation of the "Motion for Sanctions against all Defendants Pursuant to Rule 37," Docs. 78, 80, and all other hearings and motions related to the subject depositions. The parties shall work cooperatively to address any disputes as to the amount of reasonable expenses, but if they cannot reach an agreement, the defendants **SHALL** pay the amount they acknowledge as reasonable and otherwise shall move for a stay of the payment deadline, setting out therein any matters of dispute;

3. The defendants are **PROHIBITED** from calling any employees or former employees to testify at trial;

4. The Court retains the matter under advisement to determine what additional sanctions are appropriate.

This the 2nd day of August, 2021.

_____
UNITED STATES DISTRICT JUDGE